LIAM E. FELSEN (SBN 350451)
lfelsen@fbtlaw.com
FROST BROWN TODD LLP
633 W. Fifth Street, Suite 900
Los Angeles, CA 90071
Phone: (213) 629-7044
Fax: (213) 229-2499

Attorneys for Defendant
SCHINDLER ELEVATOR CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES FRIEBEL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, LLC, a business entity, SCHINDLER ELEVATOR CORPORATION, a business entity, DOES 3 through 50, Inclusive;<br><br>Defendants. | **CASE NO.**:<br><br>(Superior Court of California, San Mateo County, Case No. 24-CIV-07682)<br><br>**NOTICE OF REMOVAL**<br><br>**Action Filed**: December 5, 2024<br><br>**Action Removed**: July 17, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant SCHINDLER ELEVATOR CORPORATION ("Schindler"), by counsel, respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 *et seq.*, to remove the above-captioned matter from the Superior Court of the State of California for the County of San Mateo, in which the case is now pending, to the United States District Court for the Northern District of California.

In support thereof, Schindler states as follows:

**I. <u>COMMENCEMENT AND SERVICE</u>.**

1. On December 5, 2024, Plaintiff James Friebel ("Plaintiff") filed a Complaint for Damages in San Mateo County Superior Court, against various Marriott entities including San Francisco Airport Marriott Waterfront, Marriott International, Inc., Marriott International Capital Corporation, and Marriott International Administrative Services, Inc. (collectively, the "Incorrect

FROST BROWN TODD LLP
LOS ANGELES

Marriot Entities"). In the Complaint, Plaintiff alleges that on September 1, 2024, he was injured while riding an escalator at the premises located at 1800 Old Bayshore Hwy, Burlingame, CA 94010.

2. On January 16, 2025, Plaintiff filed an Amendment to Complaint in which he named Marriott Hotel Services, LLC ("MHS") as a defendant. On the same day, Plaintiff dismissed the Incorrect Marriott Entities.

3. On or about January 23, 2025, Plaintiff filed his First Amended Complaint for Damages (the "Complaint") against MHS and also again named the Incorrect Marriott Entities.

4. On or about June 9, 2025, Plaintiff again dismissed the Incorrect Marriott Entities, leaving only Marriott Hotel Services, LLC.

5. On June 10, 2025, Plaintiff filed an Amendment to Complaint in which he named Schindler as a defendant.

6. On or about June 19, 2025, Schindler was served with the Complaint and Amendment to Complaint via certified mail. Schindler has not served a responsive pleading to the Complaint and/or Amendment to Complaint. (True and correct copies of the Summons, Complaint, and Doe Amendment to Complaint, and copies of all pleadings that have been filed in connection with this suit, are attached as **Exhibits 1 through 10**).

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days after service of the Summons, Complaint, and Amendment to Complaint on Schindler. Schindler has not received any other process, pleadings, or orders.

## II. GROUNDS FOR REMOVAL.

### A. Diversity Jurisdiction

8. Schindler is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00, between parties with complete diversity of citizenship. (28 U.S.C. § 1332(a) [district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000.00, exclusive of costs and interest; and (2) is between citizens of different states].)

//

//

**B. Diversity of Citizenship**

9. This is an action between parties with complete diversity of citizenship.

10. Diversity of citizenship exists where the matter in controversy is between citizens of different states. (28 U.S.C. §1332(a).) A corporation for purposes of 28 U.S.C. § 1332(a) is considered a citizen of any state in which it is incorporated and in which it has its principal place of business. (28 U.S.C. §1332(c).)

11. Plaintiff is an individual resident of the State of California, County of San Mateo. (*See* Complaint at ¶ 1.).

12. Defendant Schindler is a corporation organized under the laws of the State of Delaware with principal place of business located in Morristown, New Jersey. For purposes of diversity of citizenship, Schindler is a citizen only of Delaware and New Jersey.

13. Defendant Marriott Hotel Services, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Bethesda, Maryland, whose sole owner is Marriott International, Inc. Marriott International, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business located in Bethesda, Maryland. For purposes of diversity of citizenship, Marriott Hotel Services, LLC is a citizen only of Delaware and Maryland.

14. Thus, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

**C. Amount in Controversy**

15. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. (*Rainero v. Archon Corp*., 844 F.3d 832, 839 (9th Cir. 2016)).

16. Plaintiff alleges that he sustained personal injuries in the subject incident that included "injuries to his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous paid and suffering." (Complaint, ¶ 27). He further alleges that his injuries will result in "permanent disability in addition to his general damages

FROST BROWN TODD LLP
LOS ANGELES

in an amount to be proven at trial." (*Id.*)

17. Furthermore, through discovery that has taken place prior to Schindler being named as a defendant in this matter, Plaintiff has disclosed medical bills totaling approximately $65,000 which he claims are related to medical care that resulted from alleged injuries he sustained in the incident. Plaintiff's claimed medical expenses, when combined with his claimed pain and suffering and permanent disability damages, exceed the jurisdictional amount in controversy threshold.

18. Because Plaintiff is seeking an amount well in excess of the $75,000.00 threshold, the amount in controversy requirement for removal has been met.

## III. VENUE

19. Venue properly lies in the United States District Court for the Northern District of California because Plaintiff filed the state court action in this judicial district and division. (*See* 28 U.S.C. §§ 1441, 1446.)

## IV. CONSENT

18. Defendant Marriott Hotel Services, LLC consents to the removal of this matter to the United States District Court for the Northern District of California.

## V. NOTICE

19. Schindler will give notice of the filing of this Notice of Removal to all parties of record. Schindler will also file with the clerk of the state court and will serve upon Plaintiff a notice of the filing of this Notice of Removal.

## VI. STATE COURT PLEADINGS

20. Copies of all state court pleadings and orders are attached as exhibits to this Notice of Removal. Schindler attaches and incorporates by reference true and correct copies of all pleadings and other documents that were previously filed with the state court:

Exhibit 1 – 12/5/24 Original Summons and Complaint

Exhibit 2 – 1/16/25 Amendment to Complaint

Exhibit 3 – 1/23/25 First Amended Complaint

Exhibit 4 – 1/30/25 Stipulated Protective Order

Exhibit 5 – 2/13/25 Notice and Acknowledgment of Receipt

Exhibit 6 – 2/28/25 MHS' Answer to First Amended Complaint

Exhibit 7 – 6/9/25 Requests for Dismissal (as to Incorrect Marriott Entities)

Exhibit 8 – 6/10/25 Amendment to Complaint

Exhibit 9 – 6/19/25 Summons and First Amended Complaint (as served to Schindler)

Exhibit 10 – 6/26/25 Proof of Service (to Schindler)

## VII. PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, and 1446, Schindler files this Notice of Removal with the United States District Court for the Northern District of California seeking to remove this action from the Superior Court of the State of California, in and for the County of San Mateo.

DATED: July 17, 2025

FROST BROWN TODD LLP

By:____________________________
LIAM E. FELSEN
Attorneys for Defendant
SCHINDLER ELEVATOR CORPORATION

FROST BROWN TODD LLP
LOS ANGELES

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, a business entity; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JAMES FRIEBEL, an individual;

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 12/5/2024
By /s/ Anthony Berini
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Mateo County Superior Court
400 County Center Redwood City, CA 94063

CASE NUMBER:
*(Número del Caso):* 24-CIV-07682

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Anthony Kastenek, 1025 Farmhouse Lane 2F, San Luis Obispo, CA 93401, 805-544-0100

DATE: 12/5/2024 Neal I. Taniguchi Clerk, by /s/ Anthony Berini , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: Friebel v. San Francisco Airport Marriott Waterfront, et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

MARRIOTT INTERNATIONAL, INC., a business entity;
MARRIOTT INTERNATIONAL CAPITAL CORPORATION, a business entity;
MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., a business entity;
DOES 1 through 50, Inclusive;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 12/5/2024
By /s/ Anthony Berini
Deputy Clerk

Anthony C. Kastenek, Esq., SBN 259341
Philip Alexander, Esq., SBN 235216
Harris Personal Injury Lawyers, Inc.
1025 Farmhouse Lane, 2F
San Luis Obispo, CA 93401
P: 805.544.0100
F: 805.544.0101
E: anthony@harrispersonalinjury.com

Attorneys for Plaintiff
*James Friebel*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO – HALL OF JUSTICE

JAMES FRIEBEL, an individual;

Plaintiff,

vs.

SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, a business entity; MARRIOTT INTERNATIONAL, INC., a business entity; MARRIOTT INTERNATIONAL CAPITAL CORPORATION, a business entity; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., a business entity; DOES 1 through 50, Inclusive;

Defendants.

CASE NO.: 24-CIV-07682

**COMPLAINT FOR DAMAGES**

1. **PREMISES LIABILITY**
2. **NEGLIGENCE – COMMON CARRIER**
3. **STRICT LIABILITY**
4. **STRICT LIABILITY – MANUFACTURING DEFECT**
5. **STRICT LIABILITY – DESIGN DEFECT**
6. **STRICT LIABILITY – FAILURE TO WARN**
7. **NEGLIGENCE-PRODUCTS LIABILITY**
8. **BREACH OF WARRANTY**

Plaintiff JAMES FRIEBEL alleges as follows:

**THE PARTIES**

1. Plaintiff JAMES FRIEBEL ("Plaintiff") is an individual residing in Hollister, California.

2. Defendant SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, is a business entity, operating in the County of San Mateo, State of California.

3. Defendant MARRIOTT INTERNATIONAL, INC., is a business entity, operating

in the County of San Mateo, State of California.

4. Defendant MARRIOTT INTERNATIONAL CAPITAL CORPORATION, is a business entity, operating in the County of San Mateo, State of California.

5. Defendant MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., is a business entity, operating in the County of San Mateo, State of California.

6. Plaintiff is unaware of the names and capacities of Defendants DOES 1 through 50 inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, believes and thereon alleges that each of these Defendants are responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants after they have been ascertained.

**VENUE**

7. At all times herein mentioned, the subject incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of San Mateo, with said subject incident occurring at the premises located at 1800 Old Bayshore Hwy, Burlingame, CA 94010 (hereinafter "the Property").

**GENERAL ALLEGATIONS**

8. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

9. At all times herein mentioned, "all Defendants" refers to SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50, inclusive.

10. At all times herein mentioned and prior thereto, the Property is hotel that is open to guests, patrons, and the general public.

11.     On or about September 1, 2024, Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants were the owners, operators, lessors, and lessees, maintainers of the Property, and included therein, of an escalator, hereinafter "Escalator". Defendants, and each of them provided the Escalator for the use of Defendant's customers and guests for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons.

12.     On or about September 1, 2024, Plaintiff was a guest and patron at the Property and had occasion to use the Property.

13.     On or about September 1, 2024, Plaintiff was using the Escalator on the Property when the Escalator malfunctioned causing Plaintiff to fall down the Escalator thereby sustaining very serious and permanent injuries.

14.     On or about September 1, 2024, Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants are responsible for the operation, inspection, and maintenance of the Property and Escalator where the Incident occurred.

15.     Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants and its employees, negligently designed, constructed, altered, selected, repaired, approved, and maintained the Escalator, and that the condition of the Escalator at the time of the Incident posed an unreasonable risk of injury to persons using the Escalator.

16.     Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50 and therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes and thereupon alleges that at all relevant times herein each of the DOE Defendants was responsible in some manner for the acts, omissions and occurrences herein alleged and Plaintiff's damages were proximately caused thereby.  Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants after they have been ascertained.

17.     Plaintiff is informed and believes and thereupon alleges that at all relevant times, each Defendant was the agent, employee, representative, partner, parent company, subsidiary or affiliate of each or all of the other Defendants and was acting, or was acted for, within the authority of such agency, employment, representation, partnership or corporate affiliation while doing or

omitting to do the acts alleged herein and with the permission, approval, consent and/or ratification of all other Defendants. The allegations against each Defendant incorporate by reference the allegations against each DOE Defendant.

18. Plaintiff is informed and believes, and thereon alleges, that each Defendant who is sued in this Complaint under a fictitious name is responsible, in some manner, for the acts, omissions and occurrences alleged herein, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants, as well as the named Defendants.

19. Each Defendant was the agent, co-conspirator or employee of each other Defendant, and, in doing the things complained of herein, was acting within the course and scope of said agency, conspiracy or employment.

20. At all times herein mentioned Defendants owed Plaintiff a duty of care.

**FIRST CAUSE OF ACTION**

PREMISES LIABILITY

*(Against All Defendants and DOES 1 through 50)*

21. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

22. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50, carelessly and negligently designed, constructed, manufactured, built, installed, sold, inspected, maintained, serviced and repaired the Escalator, Escalator handrail, and Escalator components at the Property as to cause Plaintiff to suffer serious and permanent personal injuries.

23. At all times herein mentioned and prior thereto, all Defendants' failure to warm and prevent guests and patrons from accessing the Escalator, Escalator handrail, and Escalator components when it was not operating properly which amounted to gross negligence, which caused Plaintiff to suffer serious and permanent injuries.

24.     At all times herein mentioned and prior thereto, all Defendants had actual and constructive notice of, and in fact created, the dangerous and defective condition of the Property and, more particularly, the lack of proper function of the Escalator, Escalator handrail and Escalator components. In addition, all Defendants failed to use reasonable care and to take necessary steps to properly warn guests, patrons and those lawfully on the premises of the dangerous condition.

25.     The unsafe, dangerous and defective condition at the Property caused Plaintiff to sustain very serious and permanent personal injuries and to incur obligations for medical care and treatment necessitated by those injuries.  Plaintiff will likely incur costs for future medical care necessary to treat his injuries related to the fall.

26.     As a proximate result of the negligence of all Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges, that said injuries to Plaintiff will result in some permanent disability to his in addition to his general damages in an amount to be proven at trial.

27.     As a proximate result of the negligence of all Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time, but which will be proven at the time of trial.

28.     As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

29.     As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages in an amount presently unknown, but which will be proven at the time of trial.

**SECOND CAUSE OF ACTION**

NEGLIGENCE – COMMON CARRIER LIABILITY

*(Against All Defendants and DOES 1 through 50)*

30.     Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

31.     At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50, negligently and carelessly operated, inspected, supervised, cared for, and maintained the Elevator which caused Plaintiff to suffer serious and permanent injuries.

32.     Additionally, all Defendants failed to comply with safety standards required for Escalators, failed to have the Escalator properly and routinely inspected, and failed to warn persons who were unfamiliar with the Property and Escalator of the dangerous condition.

33.     At all times herein mentioned and prior thereto, all Defendants carelessly and negligently used, controlled, maintained, and/or inspected the Property and/or the subject Escalator, Escalator handrail, and Escalator components.  Said Escalator as herein described created a dangerous and unsafe condition that caused Plaintiff to be injured.

34.     At all times herein mentioned, all Defendants, did so own, maintain, lease, operate, control, repair, supervise, manage and/or occupy the Property and/or the subject Escalator, Escalator handrail, and Escalator components.

35.     All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components owed a duty to Plaintiff.

36.     All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to use reasonable care to keep the Property and/or the subject Escalator, Escalator handrail, and Escalator components in a reasonably safe condition.

37.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm Plaintiff.

38.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components created an unreasonable risk of harm to Plaintiff.

39.    All Defendants in owning and controlling the Property and the subject Escalator, Escalator handrail, and Escalator components had a nondelegable duty to inspect and maintain and comply with safety regulations.

40.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to take reasonable precautions to protect Plaintiff against the risk of the unreasonable harm, which is responsible for the injury caused by the dangerous and unsafe condition.

41.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components created an unreasonable risk of harm including a dangerous and unsafe condition, which was the actual and proximate cause of the injuries Plaintiff sustained.

42.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components owed a duty of reasonable care in providing safe and hazard free premises and protecting persons using the Property and/or using the subject Escalator, Escalator handrail, and Escalator components against unreasonable conditions.

43.    Despite such duties owed by all Defendants, including but not limited to those duties owed to Plaintiff, all Defendants breached said duties by, amongst other things: (1) failing to properly maintain the Property and/or the subject Escalator, Escalator handrail, and Escalator

components; (2) failing to properly inspect the Property and/or the subject Escalator, Escalator handrail, and Escalator components; (3) failing to properly warn guests of dangerous conditions with the subject Escalator, Escalator handrail, and Escalator components; (4) failing to properly train, educate, supervise, manage, oversee and/or approve work of any and all employees, technicians, mechanics, agents, employees regarding the subject Escalator, Escalator handrail, and Escalator components; (5) failing to properly train, educate, supervise, manage, oversee and/or approve work of any and all employees, technicians, mechanics, agents, employees regarding the Property; and (6) all Defendants created the dangerous condition which caused Plaintiff's injuries. As such, Defendants maintained the Property and/or the subject Escalator, Escalator handrail, and Escalator components in such a manner so as to create, cause, allow, contribute to, or assist in the creation of a dangerous condition at the Property, which existed for such a period of time that Defendants, and each of them, had actual and/or constructive notice of such condition, and/or could warn Plaintiff of the existence of such conditions, which all Defendants, and each of them, negligently and carelessly failed to do.

44.    As a proximate result of the negligence of all Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges, that said injuries will result in some permanent disability to said Plaintiff, all in addition to his general damages in an amount to be proven at trial.

45.    As a proximate result of the negligence of all Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

46.    As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

47. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages and loss of earnings in an amount presently unknown, but which will be proven at the time of trial.

48. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

**THIRD CAUSE OF ACTION**

STRICT LIABILTY

*(Against All Defendants and DOES 1 through 50)*

49. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

50. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

51. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components were defective in their manufacture when it left the possession of Defendants or were defectively designed when it left the possession of Defendants, including that the Escalator, Escalator handrail, and Escalator components malfunctioned and failed to properly work creating a significant danger.

52. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components did not include enough instructions or warning of potential safety hazards, including that the Escalator and Escalator handrail may fail to perform safely creating a significant danger.

53. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

54. The defects of the subject Escalator, Escalator handrail, and Escalator components were a substantial factor in causing Plaintiff's injuries and damages.

**FOURTH CAUSE OF ACTION**

STRICT LIABILTY – MANUFACTURING DEFECT

*(Against All Defendants and DOES 1 through 50)*

55. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

56. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

57. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components were defective in their manufacture when it left the possession of Defendants.

58. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

59. The defects of the subject Escalator, Escalator handrail, and Escalator components were a substantial factor in causing Plaintiff's injuries and damages.

**FIFTH CAUSE OF ACTION**

STRICT LIABILTY – DESIGN DEFECT

*(Against All Defendants and DOES 1 through 50)*

60.    Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

61.    At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL    CAPITAL    CORPORATION,    MARRIOTT    INTERNATIONAL ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

62.    At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in the intended or reasonably foreseeable way.

63.    By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

64.    The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

**SIXTH CAUSE OF ACTION**

STRICT LIABILTY – FAILURE TO WARN

*(Against All Defendants and DOES 1 through 50)*

65.    Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

66.    At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL    CAPITAL    CORPORATION,    MARRIOTT    INTERNATIONAL

ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

67.    At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components had risks that were known or knowable in light with scientific and mechanical knowledge that were generally accepted at the time of the manufacture, distribution or sale of the subject Escalator, Escalator handrail, and Escalator components.

68.    The potential risks presented a substantial danger when the subject Escalator, Escalator handrail, and Escalator components were used or misused in an intended or reasonably foreseeable way.

69.    At all times herein mentioned and prior thereto, ordinary guests, patrons or consumers would not have recognized the potential risks.

70.    At all times herein mentioned and prior thereto, Defendants failed to adequately warn or instruct guests and patrons of the potential risks associated with the subject Escalator, Escalator handrail, and Escalator components.

71.    By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

72.    The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

**SEVENTH CAUSE OF ACTION**

NEGLIGENCE – PRODUCTS LIABILITY

*(Against All Defendants and DOES 1 through 50)*

73.    Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

74.    At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL    CAPITAL    CORPORATION,    MARRIOTT    INTERNATIONAL

ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

75. At all times herein mentioned and prior thereto, these Defendants knew or reasonably should have known that the subject Escalator, Escalator handrail, and Escalator components were dangerous or were likely to be dangerous when used or misused in a reasonably foreseeable manner.

76. At all times herein mentioned and prior thereto, Defendants knew or reasonably should have known that users would not realize the danger.

77. At all times herein mentioned and prior thereto, Defendants failed to adequately warn of the danger that the Escalator and Escalator handrail may fail to perform safely creating a significant danger.

78. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

79. The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

## **EIGHTH CAUSE OF ACTION**

BREACH OF WARRANTY

*(Against All Defendants and DOES 1 through 50)*

80. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

81. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., and DOES 1 through 50 advertised, represented and warranted to the general public, potential guests, including Plaintiff, that the Property and the subject Escalator, Escalator handrail, and Escalator components were safe for the use and in the

manner for which it was designed, constructed, rented and leased, and further, expressly and impliedly warranted that the Property and the subject Escalator, Escalator handrail, and Escalator components were fit for the purpose intended, namely for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons.

82. At all times herein mentioned and prior thereto, Plaintiff relied upon the warranties and representations of these Defendants and, further, Plaintiff relied upon these Defendants' judgment in the design, construction, maintenance, rental and upkeep of the Property, including the subject Escalator, Escalator handrail, and Escalator components. Thus, said affirmations, promises, warranties and representations became part of the basis of the bargain.

83. However, the Property, including the subject Escalator, Escalator handrail, and Escalator components were not safe for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons, the use and purpose for which it was intended, and was not of merchantable quality and fitness for use, due to the defects as herein alleged.

84. By reason of the conduct of these Defendants and their breach of warranties, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

85. The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

**JURY DEMAND**

86. Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. All past and future general damages of Plaintiff, according to proof;
2. All past and future economic damages of Plaintiff, according to proof,
3. All past and future medical and related expenses of Plaintiff, according to proof;
4. All past and future loss of earnings of Plaintiff, according to proof;
5. Loss of earning capacity of Plaintiff, according to proof;
6. Costs of suit herein;
7. Prejudgment interest;
8. Such other further relief as the Court deems just and proper.

DATED: December 5, 2024

Harris Personal Injury Lawyers, Inc.

By________________________________

Anthony Kastenek
Attorney for Plaintiff,
*James Friebel*

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Anthony C. Kastenek, Esq., SBN 259341; Harris Personal Injury Lawyers, Inc.
1025 Farmhouse Lane, 2F, San Luis Obispo, CA 93401

TELEPHONE NO.: 805-544-0100 FAX NO.: 805-544-0101
EMAIL ADDRESS: anthony@harrispersonalinjury.com
ATTORNEY FOR *(Name):* Plaintiff, James Friebel

*FOR COURT USE ONLY*

Electronically **FILED** by Superior Court of California, County of San Mateo
ON 12/5/2024
By /s/ Anthony Berini
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME: Hall of Justice

CASE NAME:
Friebel v. San Francisco Airport Marriott Waterfront, et al.

**CIVIL CASE COVER SHEET**

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 24-CIV-07682

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Negligence, Strict Liability-Manufacturing Defect, Design Defect, Failure to Warn
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 5, 2024
Anthony C. Kastenek, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A
Redwood City, CA 94063
(650) 261-5100
www.sanmateo.courts.ca.gov

FOR COURT USE ONLY

**FILED**
SAN MATEO COUNTY
12/5/2024
**Clerk of the Superior Court**
/s/ Anthony Berini
DEPUTY CLERK

PETITIONER/PLAINTIFF: **JAMES FRIEBEL**

RESPONDENT/DEFENDANT: **SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, A BUSINESS ENTITY; MARRIOTT INTERNATIONAL, INC. , A BUSINESS ENTITY; MARRIOTT INTERNATIONAL CAPITAL CORPORATION, A BUSINESS ENTITY; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC. , A BUSINESS ENTITY**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER: **24-CIV-07682**

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Judge Jeffrey R. Finigan** in **Department 24**.

**An Initial Case Management Conference is set before the Case Management Judicial Officer (and not with the assigned Judge), as follows:**

**DATE: 6/5/2025**

**TIME: 9:00 AM**

**LOCATION: 800 North Humboldt Street, San Mateo, CA 94401**

REMOTE APPEARANCES ARE STRONGLY ENCOURAGED. Please visit our website for information on remote appearances and use the Case Management Judicial Officer's Credentials: https://www.sanmateo.courts.ca.gov/divisions/civil/civil-department-judges/civil-commissioner

ZOOM HEARING CREDENTIALS – CASE MANAGEMENT JUDICIAL OFFICER

Direct Zoom Link to Courtroom G can be found on the Case Management Judicial Officer's Webpage above.

**Dial in:**
Phone Number: +1 (669) 254-5252
Meeting ID: 161 964 0802
Password: 734616

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference. The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
    a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
    b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: www.sanmateo.courts.ca.gov/civil

c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)). Failure to do so may result in monetary sanctions or the continuance of the CMC.
d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at www.sanmateo.courts.ca.gov/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges.

Contact information for your assigned department is as follows:

| **Judicial Officer** | **Department Phone** | **Department E-mail** |
|---|---|---|
| Jeffrey R. Finigan | 650-261-5124 | Dept24@sanmateocourt.org |

For additional information, you may visit the Judicial officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this court, or, if a physical mailing address is present below, by placing the document(s) in an envelope for collection and mailing, following the Court's ordinary business practices for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Date: 12/5/2024

Neal I Taniguchi, Court Executive Officer/Clerk

By: /s/ Anthony Berini

Anthony Berini, Deputy Clerk

**Copies served to:**

ANTHONY KASTENEK
HARRIS PERSONAL INJURY LAWYERS INC
1025 FARMHOUSE LANE
2ND FLOOR
SAN LUIS OBISPO, CA 93401

# EXHIBIT 2

| Attorney or Party without Attorney (Name/Address)<br>Anthony C. Kastenek, Esq. SBN 259341 // Harris Personal Injury Lawyers, Inc.<br>1025 Farmhouse Lane, 2F San Luis Obispo, CA<br>Telephone: 805-544-0100 | FOR COURT USE ONLY<br>Electronically FILED by Superior Court of California, County of San Mateo ON 1/16/2025<br>By /s/ Una Finau<br>Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff James Friebel | |
| Defendant San Francisco Airport Marriott Waterfront, et al. | |
| **AMENDMENT TO COMPLAINT** | Case Number<br>24-CIV-07682 |

**FICTITIOUS NAME (no order required)**

Upon filing the complaint herein, Plaintiff(s) being ignorant of the true name of a Defendant and having designated said Defendant in the complaint by the fictitious name of Doe 1

and having discovered the true name of said Defendant to be Marriott Hotel Services, LLC

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

DATED: January 16, 2025

ATTORNEYS FOR PLAINTIFF(S)

**INCORRECT NAME (requires order thereon)**

Plaintiff(s) having designated a Defendant in the complaint by the incorrect name of ____________________

and having discovered the true name of the said Defendant to be ____________________________________

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

ATTORNEYS FOR PLAINTIFF(S)

ORDER

Proper cause appearing Plaintiff(s) is / are allowed to file the above amendment to the complaint.

DATED:

JUDGE OF THE SUPERIOR COURT

# EXHIBIT 3

Anthony C. Kastenek, Esq., SBN 259341
Philip Alexander, Esq., SBN 235216
Harris Personal Injury Lawyers, Inc.
1025 Farmhouse Lane, 2F
San Luis Obispo, CA 93401
P: 805.544.0100
F: 805.544.0101
E: anthony@harrispersonalinjury.com

Attorneys for Plaintiff
*James Friebel*

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 1/23/2025
By /s/ Una Finau
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO – HALL OF JUSTICE

JAMES FRIEBEL, an individual;

Plaintiff,

vs.

SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, a business entity; MARRIOTT INTERNATIONAL, INC., a business entity; MARRIOTT INTERNATIONAL CAPITAL CORPORATION, a business entity; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., a business entity; MARRIOTT HOTEL SERVICES, LLC, a business entity; DOES 2 through 50, Inclusive;

Defendants.

CASE NO.: 24-CIV-07682

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1. **PREMISES LIABILITY**
2. **NEGLIGENCE – COMMON CARRIER**
3. **STRICT LIABILITY**
4. **STRICT LIABILITY – MANUFACTURING DEFECT**
5. **STRICT LIABILITY – DESIGN DEFECT**
6. **STRICT LIABILITY – FAILURE TO WARN**
7. **NEGLIGENCE-PRODUCTS LIABILITY**
8. **BREACH OF WARRANTY**

Plaintiff JAMES FRIEBEL alleges as follows:

## THE PARTIES

1. Plaintiff JAMES FRIEBEL ("Plaintiff") is an individual residing in Hollister, California.

2. Defendant SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, is a business entity, operating in the County of San Mateo, State of California.

3. Defendant MARRIOTT INTERNATIONAL, INC., is a business entity, operating in the County of San Mateo, State of California.

4. Defendant MARRIOTT INTERNATIONAL CAPITAL CORPORATION, is a business entity, operating in the County of San Mateo, State of California.

5. Defendant MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., is a business entity, operating in the County of San Mateo, State of California.

6. Defendant MARRIOTT HOTEL SERVICES, LLC is a business entity, operating in the County of San Mateo, State of California.

7. Plaintiff is unaware of the names and capacities of Defendants DOES 2 through 50 inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, believes and thereon alleges that each of these Defendants are responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants after they have been ascertained.

**VENUE**

8. At all times herein mentioned, the subject incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of San Mateo, with said subject incident occurring at the premises located at 1800 Old Bayshore Hwy, Burlingame, CA 94010 (hereinafter "the Property").

**GENERAL ALLEGATIONS**

9. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

10. At all times herein mentioned, "all Defendants" refers to SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL

ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive.

11.     At all times herein mentioned and prior thereto, the Property is hotel that is open to guests, patrons, and the general public.

12.     On or about September 1, 2024, Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants were the owners, operators, lessors, and lessees, maintainers of the Property, and included therein, of an escalator, hereinafter "Escalator". Defendants, and each of them provided the Escalator for the use of Defendant's customers and guests for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons.

13.     On or about September 1, 2024, Plaintiff was a guest and patron at the Property and had occasion to use the Property.

14.     On or about September 1, 2024, Plaintiff was using the Escalator on the Property when the Escalator malfunctioned causing Plaintiff to fall down the Escalator thereby sustaining very serious and permanent injuries.

15.     On or about September 1, 2024, Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants are responsible for the operation, inspection, and maintenance of the Property and Escalator where the Incident occurred.

16.     Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants and its employees, negligently designed, constructed, altered, selected, repaired, approved, and maintained the Escalator, and that the condition of the Escalator at the time of the Incident posed an unreasonable risk of injury to persons using the Escalator.

17.     Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 2 through 50 and therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes and thereupon alleges that at all relevant times herein each of the DOE Defendants was responsible in some manner for the acts, omissions and occurrences herein alleged and Plaintiff's damages were proximately caused thereby.  Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants after they have been ascertained.

18. Plaintiff is informed and believes and thereupon alleges that at all relevant times, each Defendant was the agent, employee, representative, partner, parent company, subsidiary or affiliate of each or all of the other Defendants and was acting, or was acted for, within the authority of such agency, employment, representation, partnership or corporate affiliation while doing or omitting to do the acts alleged herein and with the permission, approval, consent and/or ratification of all other Defendants. The allegations against each Defendant incorporate by reference the allegations against each DOE Defendant.

19. Plaintiff is informed and believes, and thereon alleges, that each Defendant who is sued in this Complaint under a fictitious name is responsible, in some manner, for the acts, omissions and occurrences alleged herein, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants, as well as the named Defendants.

20. Each Defendant was the agent, co-conspirator or employee of each other Defendant, and, in doing the things complained of herein, was acting within the course and scope of said agency, conspiracy or employment.

21. At all times herein mentioned Defendants owed Plaintiff a duty of care.

**FIRST CAUSE OF ACTION**

PREMISES LIABILITY

*(Against All Defendants and DOES 2 through 50)*

22. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

23. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, carelessly and negligently designed, constructed, manufactured, built, installed, sold, inspected, maintained, serviced and repaired the Escalator, Escalator handrail, and

Escalator components at the Property as to cause Plaintiff to suffer serious and permanent personal injuries.

24.    At all times herein mentioned and prior thereto, all Defendants' failure to warm and prevent guests and patrons from accessing the Escalator, Escalator handrail, and Escalator components when it was not operating properly which amounted to gross negligence, which caused Plaintiff to suffer serious and permanent injuries.

25.    At all times herein mentioned and prior thereto, all Defendants had actual and constructive notice of, and in fact created, the dangerous and defective condition of the Property and, more particularly, the lack of proper function of the Escalator, Escalator handrail and Escalator components. In addition, all Defendants failed to use reasonable care and to take necessary steps to properly warn guests, patrons and those lawfully on the premises of the dangerous condition.

26.    The unsafe, dangerous and defective condition at the Property caused Plaintiff to sustain very serious and permanent personal injuries and to incur obligations for medical care and treatment necessitated by those injuries.  Plaintiff will likely incur costs for future medical care necessary to treat his injuries related to the fall.

27.    As a proximate result of the negligence of all Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges, that said injuries to Plaintiff will result in some permanent disability to his in addition to his general damages in an amount to be proven at trial.

28.    As a proximate result of the negligence of all Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time, but which will be proven at the time of trial.

29.    As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown,

but which will be proven at the time of trial.

30. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages in an amount presently unknown, but which will be proven at the time of trial.

**SECOND CAUSE OF ACTION**

NEGLIGENCE – COMMON CARRIER LIABILITY

*(Against All Defendants and DOES 2 through 50)*

31. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

32. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, negligently and carelessly operated, inspected, supervised, cared for, and maintained the Elevator which caused Plaintiff to suffer serious and permanent injuries.

33. Additionally, all Defendants failed to comply with safety standards required for Escalators, failed to have the Escalator properly and routinely inspected, and failed to warn persons who were unfamiliar with the Property and Escalator of the dangerous condition.

34. At all times herein mentioned and prior thereto, all Defendants carelessly and negligently used, controlled, maintained, and/or inspected the Property and/or the subject Escalator, Escalator handrail, and Escalator components. Said Escalator as herein described created a dangerous and unsafe condition that caused Plaintiff to be injured.

35. At all times herein mentioned, all Defendants, did so own, maintain, lease, operate, control, repair, supervise, manage and/or occupy the Property and/or the subject Escalator, Escalator handrail, and Escalator components.

36.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components owed a duty to Plaintiff.

37.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to use reasonable care to keep the Property and/or the subject Escalator, Escalator handrail, and Escalator components in a reasonably safe condition.

38.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm Plaintiff.

39.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components created an unreasonable risk of harm to Plaintiff.

40.    All Defendants in owning and controlling the Property and the subject Escalator, Escalator handrail, and Escalator components had a nondelegable duty to inspect and maintain and comply with safety regulations.

41.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to take reasonable precautions to protect Plaintiff against the risk of the unreasonable harm, which is responsible for the injury caused by the dangerous and unsafe condition.

42.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components created an unreasonable risk of harm including a dangerous and unsafe condition, which was the actual and proximate cause of the injuries Plaintiff sustained.

43.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components owed a duty of reasonable care in providing safe and hazard free premises and protecting persons using the Property and/or using the subject Escalator, Escalator handrail, and Escalator components against unreasonable conditions.

44.    Despite such duties owed by all Defendants, including but not limited to those duties owed to Plaintiff, all Defendants breached said duties by, amongst other things: (1) failing to properly maintain the Property and/or the subject Escalator, Escalator handrail, and Escalator components; (2) failing to properly inspect the Property and/or the subject Escalator, Escalator handrail, and Escalator components; (3) failing to properly warn guests of dangerous conditions with the subject Escalator, Escalator handrail, and Escalator components; (4) failing to properly train, educate, supervise, manage, oversee and/or approve work of any and all employees, technicians, mechanics, agents, employees regarding the subject Escalator, Escalator handrail, and Escalator components; (5) failing to properly train, educate, supervise, manage, oversee and/or approve work of any and all employees, technicians, mechanics, agents, employees regarding the Property; and (6) all Defendants created the dangerous condition which caused Plaintiff's injuries. As such, Defendants maintained the Property and/or the subject Escalator, Escalator handrail, and Escalator components in such a manner so as to create, cause, allow, contribute to, or assist in the creation of a dangerous condition at the Property, which existed for such a period of time that Defendants, and each of them, had actual and/or constructive notice of such condition, and/or could warn Plaintiff of the existence of such conditions, which all Defendants, and each of them, negligently and carelessly failed to do.

45.    As a proximate result of the negligence of all Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges, that said injuries will result in

some permanent disability to said Plaintiff, all in addition to his general damages in an amount to be proven at trial.

46. As a proximate result of the negligence of all Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

47. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

48. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages and loss of earnings in an amount presently unknown, but which will be proven at the time of trial.

49. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

**THIRD CAUSE OF ACTION**

STRICT LIABILTY

*(Against DOES 2 through 50 ONLY)*

50. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

51. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

52. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components were defective in their manufacture when it left the possession

of Defendants or were defectively designed when it left the possession of Defendants, including that the Escalator, Escalator handrail, and Escalator components malfunctioned and failed to properly work creating a significant danger.

53. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components did not include enough instructions or warning of potential safety hazards, including that the Escalator and Escalator handrail may fail to perform safely creating a significant danger.

54. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

55. The defects of the subject Escalator, Escalator handrail, and Escalator components were a substantial factor in causing Plaintiff's injuries and damages.

**FOURTH CAUSE OF ACTION**

STRICT LIABILTY – MANUFACTURING DEFECT

*(Against DOES 2 through 50 ONLY)*

56. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

57. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

58. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components were defective in their manufacture when it left the possession of Defendants.

59. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

60. The defects of the subject Escalator, Escalator handrail, and Escalator components were a substantial factor in causing Plaintiff's injuries and damages.

**FIFTH CAUSE OF ACTION**

STRICT LIABILTY – DESIGN DEFECT

*(Against DOES 2 through 50 ONLY)*

61. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

62. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

63. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in the intended or reasonably foreseeable way.

64. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

65. The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

///

///

///

**SIXTH CAUSE OF ACTION**

STRICT LIABILTY – FAILURE TO WARN

*(Against DOES 2 through 50 ONLY)*

66.    Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

67.    At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

68.    At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components had risks that were known or knowable in light with scientific and mechanical knowledge that were generally accepted at the time of the manufacture, distribution or sale of the subject Escalator, Escalator handrail, and Escalator components.

69.    The potential risks presented a substantial danger when the subject Escalator, Escalator handrail, and Escalator components were used or misused in an intended or reasonably foreseeable way.

70.    At all times herein mentioned and prior thereto, ordinary guests, patrons or consumers would not have recognized the potential risks.

71.    At all times herein mentioned and prior thereto, Defendants failed to adequately warn or instruct guests and patrons of the potential risks associated with the subject Escalator, Escalator handrail, and Escalator components.

72.    By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

73.    The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

**SEVENTH CAUSE OF ACTION**

NEGLIGENCE – PRODUCTS LIABILITY

*(Against DOES 2 through 50 ONLY)*

74. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

75. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

76. At all times herein mentioned and prior thereto, these Defendants knew or reasonably should have known that the subject Escalator, Escalator handrail, and Escalator components were dangerous or were likely to be dangerous when used or misused in a reasonably foreseeable manner.

77. At all times herein mentioned and prior thereto, Defendants knew or reasonably should have known that users would not realize the danger.

78. At all times herein mentioned and prior thereto, Defendants failed to adequately warn of the danger that the Escalator and Escalator handrail may fail to perform safely creating a significant danger.

79. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

80. The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

///

///

///

**EIGHTH CAUSE OF ACTION**

BREACH OF WARRANTY

*(Against DOES 2 through 50 ONLY)*

81. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

82. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive advertised, represented and warranted to the general public, potential guests, including Plaintiff, that the Property and the subject Escalator, Escalator handrail, and Escalator components were safe for the use and in the manner for which it was designed, constructed, rented and leased, and further, expressly and impliedly warranted that the Property and the subject Escalator, Escalator handrail, and Escalator components were fit for the purpose intended, namely for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons.

83. At all times herein mentioned and prior thereto, Plaintiff relied upon the warranties and representations of these Defendants and, further, Plaintiff relied upon these Defendants' judgment in the design, construction, maintenance, rental and upkeep of the Property, including the subject Escalator, Escalator handrail, and Escalator components. Thus, said affirmations, promises, warranties and representations became part of the basis of the bargain.

84. However, the Property, including the subject Escalator, Escalator handrail, and Escalator components were not safe for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons, the use and purpose for which it was intended, and was not of merchantable quality and fitness for use, due to the defects as herein alleged.

85. By reason of the conduct of these Defendants and their breach of warranties, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-

economic damages.

86. The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

**JURY DEMAND**

87. Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. All past and future general damages of Plaintiff, according to proof;
2. All past and future economic damages of Plaintiff, according to proof,
3. All past and future medical and related expenses of Plaintiff, according to proof;
4. All past and future loss of earnings of Plaintiff, according to proof;
5. Loss of earning capacity of Plaintiff, according to proof;
6. Costs of suit herein;
7. Prejudgment interest;
8. Such other further relief as the Court deems just and proper.

DATED: January 16, 2025

Harris Personal Injury Lawyers, Inc.

By_______________________________
Anthony Kastenek
Attorney for Plaintiff,
*James Friebel*

# EXHIBIT 4

Electronically RECEIVED
1/28/2025
CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

MARIA M. LAMPASONA, State Bar No. 259675
lampasona@rankinlaw.com
RANKIN, SHUEY, MINTZ,
LAMPASONA & HARPER
475 City Center
475 14th Street, Suite 650
Oakland, CA 94612
Telephone Number: (510) 433-2600
Facsimile Numbers: (510) 433-2699

Attorneys for Defendant
MARRIOTT HOTEL SERVICES, LLC

Electronically
FILED
By Superior Court of California, County of San Mateo
ON 01/30/2025
By /s/ Finau, Unaloto
Deputy Clerk

RANKIN, SHUEY, MINTZ,
LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

JAMES FRIEBEL, an individual,

Plaintiff,

v.

SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, a business entity; MARRIOTT INTERNATIONAL, INC., a business entity; MARRIOTT INTERNATIONAL CAPITAL CORPORATION, a business entity; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., a business entity; DOES 1 through 50, Inclusive;

Defendants.

Case No. 24-CIV-07682

*Case assigned for all purposes to Hon. Jeffrey R. Finigan, Dept. 24*

**STIPULATED PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** by and between the below signed Parties by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In the Stipulation and Protective Order, the words set forth below shall have the following meanings:

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

a. "Proceeding" means the above-entitled proceeding.

b. "Court" means any judge to which this Proceeding may be assigned, and any judge involved with or adjudicating any matter in this Proceeding, including any discovery matters, and any discovery referee or other individual sitting in such a capacity.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d. "Materials" means Documents, Electronic Files, Testimony, or Information and "Confidential Materials" means as defined below Materials designated as "Confidential" pursuant to the provisions of this Stipulated Protective Order.

e. "Designating Party" means the Party that designates Materials as "Confidential." "Challenging Party" means the Party that challenges the Designating Party's Confidential designation(s).

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing, by any means, including electronic means.

h. "Information" means the content of Documents or Testimony.

i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Electronic Files, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any objection**,** right, privilege or protection otherwise available to any Party with respect

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

to discovery matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any assertion.

4. Any Documents, Electronic Files, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material. For native format Electronic Files, "Confidential" shall be included in the file name.

b. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential," or

ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must identify the separately bound transcript as "Confidential."

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the word "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

without a "Confidential" designation shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony, or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designating Party does not agree to de-designate the Documents, Testimony, or Information, and does not file a Designation Motion, within thirty (30) days from receipt of the written Designation Objections, the Documents, Testimony, or Information in discovery designated as "Confidential" shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. The Court,

b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, and clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party, (2) in-house counsel to the undersigned Parties and the attorneys, paralegals, and clerical and secretarial staff employed by such counsel, provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms,

c. Those officers, directors, partners, members, employees, and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding provided that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A,**

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

d. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding),

e. Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials,

f. Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials provided that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms,

g. Mock jury participants provided that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**.

h. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing provided that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach, and

i. Any other person to whom the Designating Party agrees in writing.

8. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

defending the Proceeding, and not for any business or other purpose whatsoever.

9. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information, or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order, or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material, or Information.

11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony, or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the designation no longer applies and the

Designating Party shall advise that the designation no longer applies.

17. Any Party seeking to prevent or in any way limit use of Confidential Materials at trial shall meet and confer with the other Party sufficiently in advance of trial for the parties to attempt to craft a proposed order addressing use of the specified Confidential Materials at trial. Should the Parties be unable to reach a stipulation regarding the use of the specified Confidential Material at trial, the Party who seeks to maintain the confidentiality of the specified Confidential Materials bears the burden of filing an appropriate noticed motion or application with the Court related to maintaining the confidential designation at trial.

18. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

19. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

20. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court [and one copy of each deposition together with the exhibits marked at the deposition)], (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

21. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

22. This Stipulation and Protective Order may be executed in counterparts.

Dated: 1.16.2025

HARRIS PERSONAL INJURY LAWYERS, INC.

By:______________________________
ANTHONY C. KASTENEK
PHILIP ALEXANDER
Attorneys for Plaintiff
JAMES FRIEBEL

Dated: 1.28.2025

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER

By:______________________________
MARIA M. LAMPASONA
DAMON M. THURSTON
Attorneys for Defendant
MARRIOTT HOTEL SERVICES, LLC

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: ___________________, 2025

Electronically
**SIGNED**
By /s/ Finigan, Jeffrey
01/29/2025

JUDGE OF THE SUPERIOR COURT

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, ____________________, ______________________________
[Name] [Position and Employer]

am about to receive Confidential Materials supplied in connection with the case *James Friebel v. San Francisco Airport Marriott Waterfront, et al.*, San Mateo County Superior Court, Case No. 24-CIV-07682. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials proved to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this __ day of _________, 2025, at ________________.

DATED: _______________, 2025 By: __________________________
Signature

__________________________
Title

# EXHIBIT 5

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 259341<br>NAME: Anthony C. Kastenek, Esq.<br>FIRM NAME: Harris Personal Injurt Lawyers, Inc.<br>STREET ADDRESS: 1025 Farmhouse Lane, 2F<br>CITY: San Luis Obispo STATE: CA ZIP CODE: 93401<br>TELEPHONE NO.: 805-544-0100 FAX NO.: 805-544-0101<br>E-MAIL ADDRESS: anthony@harrispersonalinjury.com<br>ATTORNEY FOR (*Name*): Plaintiff, James Friebel | *FOR COURT USE ONLY*<br><br>Electronically **FILED**<br>by Superior Court of California, County of San Mateo<br>ON 2/13/2025<br>By /s/ Una Finau<br>Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Redwood City 94063<br>BRANCH NAME: Hall of Justice | |
| Plaintiff/Petitioner: James Friebel<br>Defendant/Respondent: San Francisco Airport Marriott, et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>24-CIV-07682 |

TO *(insert name of party being served)*: Marriott Hotel Services, LLC

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 28, 2025

Anthony Kastenek
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify)*:

First Amended Complaint

***(To be completed by recipient):***

Date this form is signed: February 12, 2025

Maria M. Lampasona, Counsel Marriott Hotel Services, LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

[signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*

*Friebel v. San Francisco Airport Marriott Waterfront, et al.*
*San Mateo County Superior Court No. 24-CIV-07682*

**PROOF OF SERVICE**

STATE OF CALIFORNIA)
COUNTY OF SAN LUIS OBISPO)

I am employed in the County of San Luis Obispo, State of California. I am over the age of 18 years and not a party to this within action; my business address is 1025 Farmhouse Ln. 2F, San Luis Obispo, CA 93101. I am familiar with the operation of the office fax machine, and I am familiar with the mail collection and process of the City of San Luis Obispo in which the mail is deposited with the United States Postal Service on the same day that it is deposited for collection and mailing, in the ordinary course of business. On February 13, 2025, I served the following documents described as:

- **NOTICE AND ACKNOWLEDGMENT OF RECEIPT**

on the interested parties in this action:

Maria Lampasona, Esq.
Rankin, Shuey, Mintz, Lampasona & Harper
475 City Center
475 14th Street, Suite 650 | Oakland, CA 94612
*Attorneys for Marriott Hotel Services, LLC*

**Phone:** (510) 433-2600
**Fax:** (510) 433-2699
lampasona@rankinlaw.com
mcpherson@rankinlaw.com
vallero@rankinlaw.com

**[X] ONLY VIA ELECTRONIC TRANSMISSION**. by sending the aforementioned document(s) via electronic mail to the parties listed on the attached service list. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 13, 2025, at San Luis Obispo, California.

Cheyenne McKee

Cheyenne McKee | Paralegal

# EXHIBIT 6

MARIA M. LAMPASONA, State Bar No. 259675
lampasona@rankinlaw.com
RANKIN, SHUEY, MINTZ,
LAMPASONA & HARPER
475 City Center
475 14th Street, Suite 650
Oakland, CA 94612
Telephone Number: (510) 433-2600
Facsimile Numbers: (510) 433-2699

Attorneys for Defendant
MARRIOTT HOTEL SERVICES, LLC

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 2/28/2025
By /s/ Una Finau
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| JAMES FRIEBEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, a business entity; MARRIOTT INTERNATIONAL, INC., a business entity; MARRIOTT INTERNATIONAL CAPITAL CORPORATION, a business entity; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., a business entity; DOES 1 through 50, Inclusive;<br><br>Defendants. | Case No. 24-CIV-07682<br><br>*Case assigned for all purposes to Hon. Jeffrey R. Finigan, Dept. 24*<br><br>**DEFENDANT MARRIOTT HOTEL SERVICES, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |

COMES NOW Defendant MARRIOTT HOTEL SERVICES, LLC and in answer to the complaint on file herein, denies generally and specifically, each and every, all and singular, the allegations contained therein.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES that the complaint on file herein does not state facts sufficient to constitute a cause of action against this answering Defendant.

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES that Plaintiff was careless and negligent in and about the matters complained of in the Complaint and proximately caused and contributed to the injuries and/or damages alleged, if any, sustained.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that, should Plaintiff recover damages against Defendant, Defendant is entitled to have the amount abated, reduced or eliminated to the extent Plaintiff's negligence caused or contributed to the injuries and/or damages alleged, if any, in accordance with Li v. Yellow Cab and Civil Code § 1431.2, et seq.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that this answering Defendant is informed and believes, and thereon alleges, that the incidents alleged in the complaint and the resulting damages, if any, sustained by Plaintiff were proximately caused and/or contributed to by the negligence or strict liability of other parties, named or unnamed, and if it is found that this Defendant was negligent herein, then any recovery as against this Defendant should be reduced by the amount of negligence or strict liability of said other parties.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that, in the event liability is found on the part of this answering Defendant, which liability is expressly denied, that said liability, if any, for non-economic damages shall be several only and shall not be joint and that said Defendant shall be liable only for the amount of non-economic damages allocated to said defendant in direct proportion to said defendant's percentage of fault.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that Plaintiff's causes of action are completely or partially barred and any damages must be reduced because Plaintiff failed to exercise reasonable diligence to avoid and mitigate those damages.

WHEREFORE, this answering Defendant prays judgment that Plaintiff take nothing by reason of the complaint on file herein; that it be dismissed with costs of suit incurred herein, and for such other and further relief as to the court may deem proper.

/ / /

/ / /

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

Dated: February 28, 2025

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER

By:______________________________
MARIA M. LAMPASONA
Attorneys for Defendant
MARRIOTT HOTEL SERVICES, LLC

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

PROOF OF SERVICE
***James Friebel vs. San Francisco Airport Marriott Waterfront, et al.***
San Mateo County Superior Court Case No. 24-CIV-07682

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is: 475 14th Street, Suite 650, Oakland, CA 94612. On February 28, 2025, I served the within:

**DEFENDANT MARRIOTT HOTEL SERVICES, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Anthony C. Kastenek
Philip Alexander, Esq
Harris Personal Injury Lawyers, Inc.
1025 Farmhouse Lane, 2F
San Luis Obispo, CA 93401

Phone: 805.544.0100
Fax: 805.544.0101
Email: anthony@harrispersonalinjury.com
cheyenne@harrispersonalinjury.com

*Attorney for Plaintiff*

☒ ONLY BY ELECTRONIC TRANSMISSION. Pursuant to Code of Civil Procedure section 1010.6, I served the document(s) to the persons at the e-mail address(es) listed above. The email addresses listed above have been confirmed to be correct prior to transmission. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☒ **(*STATE*)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 28, 2025, at Oakland, California.

Daniel J. McPherson

# EXHIBIT 7

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 259341
NAME: Anthony C. Kastenek
FIRM NAME: Harris Personal Injury Lawyers, Inc.
STREET ADDRESS: 1025 Farmhouse Lane, 2F
CITY: San Luis Obispo STATE: CA ZIP CODE: 93401
TELEPHONE NO.: 805.544.0100 FAX NO.: 805.544.0101
E-MAIL ADDRESS: anthony@harrispersonalinjury.com
ATTORNEY FOR (*Name*): Plaintiff, James Friebel

FOR COURT USE ONLY

Electronically FILED by Superior Court of California, County of San Mateo ON 6/9/2025 By /s/ Kimberly Claussen Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME: Hall of Justice

Plaintiff/Petitioner: James Friebel
Defendant/Respondent: San Francisco Airport Marriott, et al.

## REQUEST FOR DISMISSAL

CASE NUMBER: 24-CIV-07682

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice
   b. (1) ☒ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (4) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other *(specify):** as to "Marriott International, Inc." ONLY***
2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: June 9, 2025
Anthony C. Kastenek
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

*(To be completed by clerk)*

4. ☐ Dismissal entered as requested on *(date):*
5 ☒ Dismissal entered on *(date):* 6/9/2025 as to only *(name)*: AS STATED ABOVE
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to be conformed ☐ means to return conformed copy

Date: 6/9/2025 Chad L. Peace Clerk, by /s/ Kimberly Claussen, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
*www.courts.ca.gov*

| Plaintiff/Petitioner: James Friebel<br>Defendant/Respondent: San Francisco Airport Marriott, et al. | CASE NUMBER:<br>24-CIV-07682 |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*
2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* Yes No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION) ▶ (SIGNATURE)

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 259341 | FOR COURT USE ONLY |
|---|---|
| NAME: Anthony C. Kastenek<br>FIRM NAME: Harris Personal Injury Lawyers, Inc.<br>STREET ADDRESS: 1025 Farmhouse Lane, 2F<br>CITY: San Luis Obispo STATE: CA ZIP CODE: 93401<br>TELEPHONE NO.: 805.544.0100 FAX NO.: 805.544.0101<br>E-MAIL ADDRESS: anthony@harrispersonalinjury.com<br>ATTORNEY FOR (Name): Plaintiff, James Friebel | Electronically FILED by Superior Court of California, County of San Mateo<br>ON 6/9/2025<br>By /s/ Kimberly Claussen<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Redwood City 94063<br>BRANCH NAME: Hall of Justice | |
| Plaintiff/Petitioner: James Friebel<br>Defendant/Respondent: San Francisco Airport Marriott, et al. | |
| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>24-CIV-07682 |

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice
   b. (1) ☒ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (4) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other *(specify)*:* as to "Marriott International Capital Corporation" ONLY***
2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: June 9, 2025
Anthony C. Kastenek
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) ▶ [signature] (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) ▶ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*
4. ☐ Dismissal entered as requested on *(date):*
5 ☒ Dismissal entered on *(date):* 6/9/2025 as to only *(name)*: AS STATED ABOVE
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to be conformed ☐ means to return conformed copy

Date: 6/9/2025 Chad L. Peace Clerk, by /s/ Kimberly Claussen, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

| Plaintiff/Petitioner: James Friebel<br>Defendant/Respondent: San Francisco Airport Marriott, et al. | CASE NUMBER:<br>24-CIV-07682 |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* Yes No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION) ▶ (SIGNATURE)

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 259341<br>NAME: Anthony C. Kastenek<br>FIRM NAME: Harris Personal Injury Lawyers, Inc.<br>STREET ADDRESS: 1025 Farmhouse Lane, 2F<br>CITY: San Luis Obispo STATE: CA ZIP CODE: 93401<br>TELEPHONE NO.: 805.544.0100 FAX NO.: 805.544.0101<br>E-MAIL ADDRESS: anthony@harrispersonalinjury.com<br>ATTORNEY FOR (*Name*): Plaintiff, James Friebel | *FOR COURT USE ONLY*<br><br>Electronically FILED by Superior Court of California, County of San Mateo<br>ON 6/9/2025<br>By /s/ Kimberly Claussen<br>Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Redwood City 94063<br>BRANCH NAME: Hall of Justice | |
| Plaintiff/Petitioner: James Friebel<br>Defendant/Respondent: San Francisco Airport Marriott, et al. | |
| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>24-CIV-07682 |

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice
   b. (1) ☒ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (4) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other *(specify):** as to "San Francisco Airport Marriott Waterfront" ONLY***
2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: June 9, 2025
Anthony C. Kastenek
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ [signature]
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶
(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*

4. ☐ Dismissal entered as requested on *(date):*
5 ☒ Dismissal entered on *(date):* 6/9/2025 as to only *(name)*: AS STATED ABOVE
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to be conformed ☐ means to return conformed copy

Date: 6/9/2025 Chad L. Peace Clerk, by /s/ Kimberly Claussen, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
*www.courts.ca.gov*

| Plaintiff/Petitioner: James Friebel<br>Defendant/Respondent: San Francisco Airport Marriott, et al. | CASE NUMBER:<br>24-CIV-07682 |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**
If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*
2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* Yes No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION) ▶ (SIGNATURE)

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 259341
NAME: Anthony C. Kastenek
FIRM NAME: Harris Personal Injury Lawyers, Inc.
STREET ADDRESS: 1025 Farmhouse Lane, 2F
CITY: San Luis Obispo STATE: CA ZIP CODE: 93401
TELEPHONE NO.: 805.544.0100 FAX NO. : 805.544.0101
E-MAIL ADDRESS: anthony@harrispersonalinjury.com
ATTORNEY FOR (*Name*): Plaintiff, James Friebel

FOR COURT USE ONLY

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 6/9/2025
By /s/ Kimberly Claussen
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME: Hall of Justice

Plaintiff/Petitioner: James Friebel
Defendant/Respondent: San Francisco Airport Marriott, et al.

**REQUEST FOR DISMISSAL**

CASE NUMBER:
24-CIV-07682

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice
   b. (1) ☒ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (4) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other *(specify):** as to "Marriott International Administrative Services, Inc." ONLY***
2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: June 9, 2025
Anthony C. Kastenek
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ [signature]
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶
(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*
4. ☐ Dismissal entered as requested on *(date):*
5 ☒ Dismissal entered on *(date):* 6/9/2025 as to only *(name)*: AS STATED ABOVE
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to be conformed ☐ means to return conformed copy

Date: 6/9/2025 Chad L. Peace Clerk, by /s/ Kimberly Claussen, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**CIV-110**

| Plaintiff/Petitioner: James Friebel<br>Defendant/Respondent: San Francisco Airport Marriott, et al. | CASE NUMBER:<br>24-CIV-07682 |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*
2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* Yes No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION) ▶ (SIGNATURE)

# EXHIBIT 8

| Attorney or Party without Attorney (Name/Address)<br>Anthony C. Kastenek, Esq. SBN 259341 // Harris Personal Injury Lawyers, Inc.<br>1025 Farmhouse Lane, 2F San Luis Obispo, CA<br>Telephone: 805-544-0100 | FOR COURT USE ONLY<br>Electronically FILED by Superior Court of California, County of San Mateo<br>ON 6/10/2025<br>By /s/ Anthony Berini<br>Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff James Friebel | |
| Defendant San Francisco Airport Marriott Waterfront, et al. | |
| **AMENDMENT TO COMPLAINT** | Case Number<br>24-CIV-07682 |

**FICTITIOUS NAME (no order required)**

Upon filing the complaint herein, Plaintiff(s) being ignorant of the true name of a Defendant and having designated said Defendant in the complaint by the fictitious name of Doe 2

and having discovered the true name of said Defendant to be Schindler Elevator Corporation

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

DATED: June 10, 2025

ATTORNEYS FOR PLAINTIFF(S)

---

**INCORRECT NAME (requires order thereon)**

Plaintiff(s) having designated a Defendant in the complaint by the incorrect name of ____________

and having discovered the true name of the said Defendant to be ____________

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

ATTORNEYS FOR PLAINTIFF(S)

ORDER

Proper cause appearing Plaintiff(s) is / are allowed to file the above amendment to the complaint.

DATED:

JUDGE OF THE SUPERIOR COURT

*Friebel v. San Francisco Airport Marriott Waterfront, et al.*
*San Mateo County Superior Court No. 24-CIV-07682*

# PROOF OF SERVICE

STATE OF CALIFORNIA)
COUNTY OF SAN LUIS OBISPO)

I am employed in the County of San Luis Obispo, State of California. I am over the age of 18 years and not a party to this within action; my business address is 1025 Farmhouse Ln. 2F, San Luis Obispo, CA 93101. I am familiar with the operation of the office fax machine, and I am familiar with the mail collection and process of the City of San Luis Obispo in which the mail is deposited with the United States Postal Service on the same day that it is deposited for collection and mailing, in the ordinary course of business. On June 10, 2025, I served the following documents described as:

- **AMENDMENT TO COMPLAINT**

on the interested parties in this action:

Maria Lampasona, Esq.
Rankin, Shuey, Mintz, Lampasona & Harper
475 City Center
475 14th Street, Suite 650 | Oakland, CA 94612
*Attorneys for Marriott Hotel Services, LLC*

**Phone:** (510) 433-2600
**Fax:** (510) 433-2699
lampasona@rankinlaw.com
mcpherson@rankinlaw.com
vallero@rankinlaw.com

**[X] ONLY VIA ELECTRONIC TRANSMISSION**. by sending the aforementioned document(s) via electronic mail to the parties listed on the service list. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 10, 2025, at San Luis Obispo, California.

Cheyenne McKee

Cheyenne McKee | Paralegal

# EXHIBIT 9



**CT Corporation**
**Service of Process Notification**
06/19/2025
CT Log Number 549411605

## Service of Process Transmittal Summary

**TO:** Thomas Sparno, General Counsel
Schindler Elevator Corporation
20 Whippany Rd
Morristown, NJ 07960-4524

**RE:** **Process Served in California**

**FOR:** Schindler Elevator Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JAMES FRIEBEL, an individual // To: Schindler Elevator Corporation |
| **CASE #:** | 24CIV07682 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/19/2025 at 11:49 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Yohanny Nguyen yohanny.nguyen@us.schindler.com<br>Email Notification, Suhana Ahmed suhana.ahmed@schindler.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Jun 19, 2025
**Server Name:** CARLOS CANAS

| Entity Served | SCHINDLER ELEVATOR CORPORATION |
|---|---|
| Case Number | 24-CIV-07682 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, a business entity; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JAMES FRIEBEL, an individual;

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 12/5/2024
By **/s/ Anthony Berini**
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Mateo County Superior Court
400 County Center Redwood City, CA 94063

CASE NUMBER: *(Número del Caso):* 24-CIV-07682

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Anthony Kastenek, 1025 Farmhouse Lane 2F, San Luis Obispo, CA 93401, 805-544-0100

DATE: *(Fecha)* 12/5/2024 Neal I. Taniguchi Clerk, by *(Secretario)* /s/ Anthony Berini , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [X] as the person sued under the fictitious name of *(specify):* Doe 2
3. [X] on behalf of *(specify):* Schindler Elevator Corporation, as Doe 2

   under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* CCP 474
4. [ ] by personal delivery on *(date)*:

SUM-200(A)

| SHORT TITLE: Friebel v. San Francisco Airport Marriott Waterfront, et al. | CASE NUMBER: |
| --- | --- |

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

MARRIOTT INTERNATIONAL, INC., a business entity;
MARRIOTT INTERNATIONAL CAPITAL CORPORATION, a business entity;
MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., a business entity;
DOES 1 through 50, Inclusive;

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A
Redwood City, CA 94063
(650) 261-5100
www.sanmateo.courts.ca.gov

FOR COURT USE ONLY
**FILED**
SAN MATEO COUNTY
12/5/2024
**Clerk of the Superior Court**
/s/ Anthony Berini
DEPUTY CLERK

PETITIONER/PLAINTIFF: **JAMES FRIEBEL**

RESPONDENT/DEFENDANT: **SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, A BUSINESS ENTITY; MARRIOTT INTERNATIONAL, INC. , A BUSINESS ENTITY; MARRIOTT INTERNATIONAL CAPITAL CORPORATION, A BUSINESS ENTITY; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC. , A BUSINESS ENTITY**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
**24-CIV-07682**

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Judge Jeffrey R. Finigan** in **Department 24**.

**An Initial Case Management Conference is set before the Case Management Judicial Officer (and not with the assigned Judge), as follows:**

**DATE: 6/5/2025**

**TIME: 9:00 AM**

**LOCATION: 800 North Humboldt Street, San Mateo, CA 94401**

REMOTE APPEARANCES ARE STRONGLY ENCOURAGED. Please visit our website for information on remote appearances and use the Case Management Judicial Officer's Credentials:
https://www.sanmateo.courts.ca.gov/divisions/civil/civil-department-judges/civil-commissioner

ZOOM HEARING CREDENTIALS – CASE MANAGEMENT JUDICIAL OFFICER

Direct Zoom Link to Courtroom G can be found on the Case Management Judicial Officer's Webpage above.

**Dial in:**
Phone Number: +1 (669) 254-5252
Meeting ID: 161 964 0802
Password: 734616

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference. The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
   b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: www.sanmateo.courts.ca.gov/civil

c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)). Failure to do so may result in monetary sanctions or the continuance of the CMC.
d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at www.sanmateo.courts.ca.gov/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Jeffrey R. Finigan | 650-261-5124 | Dept24@sanmateocourt.org |

For additional information, you may visit the Judicial officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this court, or, if a physical mailing address is present below, by placing the document(s) in an envelope for collection and mailing, following the Court's ordinary business practices for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Date: 12/5/2024

Neal I Taniguchi, Court Executive Officer/Clerk

By: /s/ Anthony Berini

Anthony Berini, Deputy Clerk

**Copies served to:**

ANTHONY KASTENEK
HARRIS PERSONAL INJURY LAWYERS INC
1025 FARMHOUSE LANE
2ND FLOOR
SAN LUIS OBISPO, CA 93401

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Anthony C. Kastenek, Esq., SBN 259341; Harris Personal Injury Lawyers, Inc.
1025 Farmhouse Lane, 2F, San Luis Obispo, CA 93401

TELEPHONE NO.: 805-544-0100 FAX NO.: 805-544-0101
EMAIL ADDRESS: anthony@harrispersonalinjury.com
ATTORNEY FOR *(Name):* Plaintiff, James Friebel

*FOR COURT USE ONLY*

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 12/5/2024
By /s/ Anthony Berini
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME: Hall of Justice

CASE NAME:
Friebel v. San Francisco Airport Marriott Waterfront, et al.

**CIVIL CASE COVER SHEET**

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 24-CIV-07682

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Negligence, Strict Liability-Manufacturing Defect, Design Defect, Failure to Warn
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 5, 2024
Anthony C. Kastenek, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| Attorney or Party without Attorney (Name/Address)<br>Anthony C. Kastenek, Esq. SBN 259341 // Harris Personal Injury Lawyers, Inc.<br>1025 Farmhouse Lane, 2F San Luis Obispo, CA<br>Telephone: 805-544-0100 | FOR COURT USE ONLY<br>Electronically FILED by Superior Court of California, County of San Mateo<br>ON 6/10/2025<br>By /s/ Anthony Berini<br>Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff James Friebel | |
| Defendant San Francisco Airport Marriott Waterfront, et al. | |
| **AMENDMENT TO COMPLAINT** | Case Number<br>24-CIV-07682 |

**FICTITIOUS NAME (no order required)**

Upon filing the complaint herein, Plaintiff(s) being ignorant of the true name of a Defendant and having designated said Defendant in the complaint by the fictitious name of Doe 2 and having discovered the true name of said Defendant to be Schindler Elevator Corporation

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

DATED: June 10, 2025

_______________ ATTORNEYS FOR PLAINTIFF(S)

**INCORRECT NAME (requires order thereon)**

Plaintiff(s) having designated a Defendant in the complaint by the incorrect name of ___________ and having discovered the true name of the said Defendant to be ___________ hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_______________ ATTORNEYS FOR PLAINTIFF(S)

ORDER

Proper cause appearing Plaintiff(s) is / are allowed to file the above amendment to the complaint.

DATED:

_______________ JUDGE OF THE SUPERIOR COURT

**PROOF OF SERVICE**

STATE OF CALIFORNIA)
COUNTY OF SAN LUIS OBISPO)

I am employed in the County of San Luis Obispo, State of California. I am over the age of 18 years and not a party to this within action; my business address is 1025 Farmhouse Ln. 2F, San Luis Obispo, CA 93101. I am familiar with the operation of the office fax machine, and I am familiar with the mail collection and process of the City of San Luis Obispo in which the mail is deposited with the United States Postal Service on the same day that it is deposited for collection and mailing, in the ordinary course of business. On June 10, 2025, I served the following documents described as:

- **AMENDMENT TO COMPLAINT**

on the interested parties in this action:

Maria Lampasona, Esq.
Rankin, Shuey, Mintz, Lampasona & Harper
475 City Center
475 14th Street, Suite 650 | Oakland, CA 94612
*Attorneys for Marriott Hotel Services, LLC*

**Phone:** (510) 433-2600
**Fax:** (510) 433-2699
lampasona@rankinlaw.com
mcpherson@rankinlaw.com
vallero@rankinlaw.com

**[X] ONLY VIA ELECTRONIC TRANSMISSION**. by sending the aforementioned document(s) via electronic mail to the parties listed on the service list. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 10, 2025, at San Luis Obispo, California.

Cheyenne McKee

______________________________
Cheyenne McKee | Paralegal

Anthony C. Kastenek, Esq., SBN 259341
Philip Alexander, Esq., SBN 235216
Harris Personal Injury Lawyers, Inc.
1025 Farmhouse Lane, 2F
San Luis Obispo, CA 93401
P: 805.544.0100
F: 805.544.0101
E: anthony@harrispersonalinjury.com

Attorneys for Plaintiff
*James Friebel*

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 1/23/2025
By /s/ Una Finau
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO – HALL OF JUSTICE

JAMES FRIEBEL, an individual;

Plaintiff,

vs.

SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, a business entity; MARRIOTT INTERNATIONAL, INC., a business entity; MARRIOTT INTERNATIONAL CAPITAL CORPORATION, a business entity; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., a business entity; MARRIOTT HOTEL SERVICES, LLC, a business entity; DOES 2 through 50, Inclusive;

Defendants.

CASE NO.: 24-CIV-07682

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1. **PREMISES LIABILITY**
2. **NEGLIGENCE – COMMON CARRIER**
3. **STRICT LIABILITY**
4. **STRICT LIABILITY – MANUFACTURING DEFECT**
5. **STRICT LIABILITY – DESIGN DEFECT**
6. **STRICT LIABILITY – FAILURE TO WARN**
7. **NEGLIGENCE-PRODUCTS LIABILITY**
8. **BREACH OF WARRANTY**

Plaintiff JAMES FRIEBEL alleges as follows:

**<u>THE PARTIES</u>**

1. Plaintiff JAMES FRIEBEL ("Plaintiff") is an individual residing in Hollister, California.

2. Defendant SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, is a business entity, operating in the County of San Mateo, State of California.

3. Defendant MARRIOTT INTERNATIONAL, INC., is a business entity, operating in the County of San Mateo, State of California.

4. Defendant MARRIOTT INTERNATIONAL CAPITAL CORPORATION, is a business entity, operating in the County of San Mateo, State of California.

5. Defendant MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., is a business entity, operating in the County of San Mateo, State of California.

6. Defendant MARRIOTT HOTEL SERVICES, LLC is a business entity, operating in the County of San Mateo, State of California.

7. Plaintiff is unaware of the names and capacities of Defendants DOES 2 through 50 inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, believes and thereon alleges that each of these Defendants are responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants after they have been ascertained.

**VENUE**

8. At all times herein mentioned, the subject incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of San Mateo, with said subject incident occurring at the premises located at 1800 Old Bayshore Hwy, Burlingame, CA 94010 (hereinafter "the Property").

**GENERAL ALLEGATIONS**

9. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

10. At all times herein mentioned, "all Defendants" refers to SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL

ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive.

11. At all times herein mentioned and prior thereto, the Property is hotel that is open to guests, patrons, and the general public.

12. On or about September 1, 2024, Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants were the owners, operators, lessors, and lessees, maintainers of the Property, and included therein, of an escalator, hereinafter "Escalator". Defendants, and each of them provided the Escalator for the use of Defendant's customers and guests for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons.

13. On or about September 1, 2024, Plaintiff was a guest and patron at the Property and had occasion to use the Property.

14. On or about September 1, 2024, Plaintiff was using the Escalator on the Property when the Escalator malfunctioned causing Plaintiff to fall down the Escalator thereby sustaining very serious and permanent injuries.

15. On or about September 1, 2024, Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants are responsible for the operation, inspection, and maintenance of the Property and Escalator where the Incident occurred.

16. Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, Defendants and its employees, negligently designed, constructed, altered, selected, repaired, approved, and maintained the Escalator, and that the condition of the Escalator at the time of the Incident posed an unreasonable risk of injury to persons using the Escalator.

17. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 2 through 50 and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that at all relevant times herein each of the DOE Defendants was responsible in some manner for the acts, omissions and occurrences herein alleged and Plaintiff's damages were proximately caused thereby. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants after they have been ascertained.

18. Plaintiff is informed and believes and thereupon alleges that at all relevant times, each Defendant was the agent, employee, representative, partner, parent company, subsidiary or affiliate of each or all of the other Defendants and was acting, or was acted for, within the authority of such agency, employment, representation, partnership or corporate affiliation while doing or omitting to do the acts alleged herein and with the permission, approval, consent and/or ratification of all other Defendants. The allegations against each Defendant incorporate by reference the allegations against each DOE Defendant.

19. Plaintiff is informed and believes, and thereon alleges, that each Defendant who is sued in this Complaint under a fictitious name is responsible, in some manner, for the acts, omissions and occurrences alleged herein, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants, as well as the named Defendants.

20. Each Defendant was the agent, co-conspirator or employee of each other Defendant, and, in doing the things complained of herein, was acting within the course and scope of said agency, conspiracy or employment.

21. At all times herein mentioned Defendants owed Plaintiff a duty of care.

**FIRST CAUSE OF ACTION**

PREMISES LIABILITY

*(Against All Defendants and DOES 2 through 50)*

22. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

23. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, carelessly and negligently designed, constructed, manufactured, built, installed, sold, inspected, maintained, serviced and repaired the Escalator, Escalator handrail, and

Escalator components at the Property as to cause Plaintiff to suffer serious and permanent personal injuries.

24.    At all times herein mentioned and prior thereto, all Defendants' failure to warm and prevent guests and patrons from accessing the Escalator, Escalator handrail, and Escalator components when it was not operating properly which amounted to gross negligence, which caused Plaintiff to suffer serious and permanent injuries.

25.    At all times herein mentioned and prior thereto, all Defendants had actual and constructive notice of, and in fact created, the dangerous and defective condition of the Property and, more particularly, the lack of proper function of the Escalator, Escalator handrail and Escalator components. In addition, all Defendants failed to use reasonable care and to take necessary steps to properly warn guests, patrons and those lawfully on the premises of the dangerous condition.

26.    The unsafe, dangerous and defective condition at the Property caused Plaintiff to sustain very serious and permanent personal injuries and to incur obligations for medical care and treatment necessitated by those injuries.  Plaintiff will likely incur costs for future medical care necessary to treat his injuries related to the fall.

27.    As a proximate result of the negligence of all Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges, that said injuries to Plaintiff will result in some permanent disability to his in addition to his general damages in an amount to be proven at trial.

28.    As a proximate result of the negligence of all Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time, but which will be proven at the time of trial.

29.    As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown,

but which will be proven at the time of trial.

30. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages in an amount presently unknown, but which will be proven at the time of trial.

**SECOND CAUSE OF ACTION**

NEGLIGENCE – COMMON CARRIER LIABILITY

*(Against All Defendants and DOES 2 through 50)*

31. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

32. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, negligently and carelessly operated, inspected, supervised, cared for, and maintained the Elevator which caused Plaintiff to suffer serious and permanent injuries.

33. Additionally, all Defendants failed to comply with safety standards required for Escalators, failed to have the Escalator properly and routinely inspected, and failed to warn persons who were unfamiliar with the Property and Escalator of the dangerous condition.

34. At all times herein mentioned and prior thereto, all Defendants carelessly and negligently used, controlled, maintained, and/or inspected the Property and/or the subject Escalator, Escalator handrail, and Escalator components. Said Escalator as herein described created a dangerous and unsafe condition that caused Plaintiff to be injured.

35. At all times herein mentioned, all Defendants, did so own, maintain, lease, operate, control, repair, supervise, manage and/or occupy the Property and/or the subject Escalator, Escalator handrail, and Escalator components.

36.     All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components owed a duty to Plaintiff.

37.     All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to use reasonable care to keep the Property and/or the subject Escalator, Escalator handrail, and Escalator components in a reasonably safe condition.

38.     All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm Plaintiff.

39.     All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components created an unreasonable risk of harm to Plaintiff.

40.     All Defendants in owning and controlling the Property and the subject Escalator, Escalator handrail, and Escalator components had a nondelegable duty to inspect and maintain and comply with safety regulations.

41.     All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components failed to take reasonable precautions to protect Plaintiff against the risk of the unreasonable harm, which is responsible for the injury caused by the dangerous and unsafe condition.

42.     All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components created an unreasonable risk of harm including a dangerous and unsafe condition, which was the actual and proximate cause of the injuries Plaintiff sustained.

43.    All Defendants, in owning, maintaining, leasing, operating, controlling, repairing, supervising, managing and/or occupying the Property and/or the subject Escalator, Escalator handrail, and Escalator components owed a duty of reasonable care in providing safe and hazard free premises and protecting persons using the Property and/or using the subject Escalator, Escalator handrail, and Escalator components against unreasonable conditions.

44.    Despite such duties owed by all Defendants, including but not limited to those duties owed to Plaintiff, all Defendants breached said duties by, amongst other things: (1) failing to properly maintain the Property and/or the subject Escalator, Escalator handrail, and Escalator components; (2) failing to properly inspect the Property and/or the subject Escalator, Escalator handrail, and Escalator components; (3) failing to properly warn guests of dangerous conditions with the subject Escalator, Escalator handrail, and Escalator components; (4) failing to properly train, educate, supervise, manage, oversee and/or approve work of any and all employees, technicians, mechanics, agents, employees regarding the subject Escalator, Escalator handrail, and Escalator components; (5) failing to properly train, educate, supervise, manage, oversee and/or approve work of any and all employees, technicians, mechanics, agents, employees regarding the Property; and (6) all Defendants created the dangerous condition which caused Plaintiff's injuries. As such, Defendants maintained the Property and/or the subject Escalator, Escalator handrail, and Escalator components in such a manner so as to create, cause, allow, contribute to, or assist in the creation of a dangerous condition at the Property, which existed for such a period of time that Defendants, and each of them, had actual and/or constructive notice of such condition, and/or could warn Plaintiff of the existence of such conditions, which all Defendants, and each of them, negligently and carelessly failed to do.

45.    As a proximate result of the negligence of all Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges, that said injuries will result in

some permanent disability to said Plaintiff, all in addition to his general damages in an amount to be proven at trial.

46. As a proximate result of the negligence of all Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

47. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

48. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer economic damages and loss of earnings in an amount presently unknown, but which will be proven at the time of trial.

49. As a further proximate result of the negligence of all Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

**THIRD CAUSE OF ACTION**

STRICT LIABILTY

*(Against DOES 2 through 50 ONLY)*

50. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

51. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

52. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components were defective in their manufacture when it left the possession

of Defendants or were defectively designed when it left the possession of Defendants, including that the Escalator, Escalator handrail, and Escalator components malfunctioned and failed to properly work creating a significant danger.

53. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components did not include enough instructions or warning of potential safety hazards, including that the Escalator and Escalator handrail may fail to perform safely creating a significant danger.

54. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

55. The defects of the subject Escalator, Escalator handrail, and Escalator components were a substantial factor in causing Plaintiff's injuries and damages.

**FOURTH CAUSE OF ACTION**

STRICT LIABILTY – MANUFACTURING DEFECT

*(Against DOES 2 through 50 ONLY)*

56. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

57. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

58. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components were defective in their manufacture when it left the possession of Defendants.

59. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

60. The defects of the subject Escalator, Escalator handrail, and Escalator components were a substantial factor in causing Plaintiff's injuries and damages.

## FIFTH CAUSE OF ACTION

STRICT LIABILTY – DESIGN DEFECT

*(Against DOES 2 through 50 ONLY)*

61. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

62. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

63. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in the intended or reasonably foreseeable way.

64. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

65. The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

///

///

///

**SIXTH CAUSE OF ACTION**

STRICT LIABILTY – FAILURE TO WARN

*(Against DOES 2 through 50 ONLY)*

66. Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

67. At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

68. At all times herein mentioned and prior thereto, the subject Escalator, Escalator handrail, and Escalator components had risks that were known or knowable in light with scientific and mechanical knowledge that were generally accepted at the time of the manufacture, distribution or sale of the subject Escalator, Escalator handrail, and Escalator components.

69. The potential risks presented a substantial danger when the subject Escalator, Escalator handrail, and Escalator components were used or misused in an intended or reasonably foreseeable way.

70. At all times herein mentioned and prior thereto, ordinary guests, patrons or consumers would not have recognized the potential risks.

71. At all times herein mentioned and prior thereto, Defendants failed to adequately warn or instruct guests and patrons of the potential risks associated with the subject Escalator, Escalator handrail, and Escalator components.

72. By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

73. The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

**SEVENTH CAUSE OF ACTION**

NEGLIGENCE – PRODUCTS LIABILITY

*(Against DOES 2 through 50 ONLY)*

74.     Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

75.     At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive, manufactured, distributed, sold the subject Escalator, Escalator handrail, and Escalator components.

76.     At all times herein mentioned and prior thereto, these Defendants knew or reasonably should have known that the subject Escalator, Escalator handrail, and Escalator components were dangerous or were likely to be dangerous when used or misused in a reasonably foreseeable manner.

77.     At all times herein mentioned and prior thereto, Defendants knew or reasonably should have known that users would not realize the danger.

78.     At all times herein mentioned and prior thereto, Defendants failed to adequately warn of the danger that the Escalator and Escalator handrail may fail to perform safely creating a significant danger.

79.     By reason of the conduct of Defendants alleged herein, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-economic damages.

80.     The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

///

///

///

**EIGHTH CAUSE OF ACTION**

BREACH OF WARRANTY

*(Against DOES 2 through 50 ONLY)*

81.     Plaintiff re-alleges and incorporates by reference each allegation as set forth in each paragraph above as though fully set forth herein.

82.     At all times herein mentioned and prior thereto, Defendants SAN FRANCISCO AIRPORT MARRIOTT WATERFRONT, MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL CAPITAL CORPORATION, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., MARRIOTT HOTEL SERVICES, LLC, and DOES 2 through 50, inclusive advertised, represented and warranted to the general public, potential guests, including Plaintiff, that the Property and the subject Escalator, Escalator handrail, and Escalator components were safe for the use and in the manner for which it was designed, constructed, rented and leased, and further, expressly and impliedly warranted that the Property and the subject Escalator, Escalator handrail, and Escalator components were fit for the purpose intended, namely for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons.

83.     At all times herein mentioned and prior thereto, Plaintiff relied upon the warranties and representations of these Defendants and, further, Plaintiff relied upon these Defendants' judgment in the design, construction, maintenance, rental and upkeep of the Property, including the subject Escalator, Escalator handrail, and Escalator components.  Thus, said affirmations, promises, warranties and representations became part of the basis of the bargain.

84.     However, the Property, including the subject Escalator, Escalator handrail, and Escalator components were not safe for the purpose of carrying persons and guest's belongings between floors and for the convenience of patrons, the use and purpose for which it was intended, and was not of merchantable quality and fitness for use, due to the defects as herein alleged.

85.     By reason of the conduct of these Defendants and their breach of warranties, Plaintiff was caused to suffer, and continues to suffer serious and debilitating personal injuries of a permanent nature, which have resulted, and will continue to result, in both economic and non-

economic damages.

86. The failure of the subject Escalator, Escalator handrail, and Escalator components to perform safely was a substantial factor in causing Plaintiff's injuries and damages.

## JURY DEMAND

87. Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. All past and future general damages of Plaintiff, according to proof;
2. All past and future economic damages of Plaintiff, according to proof,
3. All past and future medical and related expenses of Plaintiff, according to proof;
4. All past and future loss of earnings of Plaintiff, according to proof;
5. Loss of earning capacity of Plaintiff, according to proof;
6. Costs of suit herein;
7. Prejudgment interest;
8. Such other further relief as the Court deems just and proper.

DATED: January 16, 2025

Harris Personal Injury Lawyers, Inc.

By______________________________
Anthony Kastenek
Attorney for Plaintiff,
*James Friebel*

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

## SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

**CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT**

- Upon filing a Complaint, the Plaintiff will receive this **Information sheet** from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**You can find ADR forms on the ADR webpage: www.sanmateocourt.org/adr. For more information contact the Multi-Option ADR Project at (650) 261-5075 or 261-5076.**

Print Form

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
MULTI OPTION ADR PROJECT
HALL OF JUSTICE AND RECORDS
400 COUNTY CENTER
REDWOOD CITY, CALIFORNIA 94063

# ADR Stipulation and Evaluation Instructions

In accordance with ***Local Rule 2.3(i)(3)***, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Attention: Case Management Conference Clerk
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ☐ Original signatures for all attorneys (and/or parties in pro per);
- ☐ The name of the neutral;
- ☐ Date of the ADR session; and
- ☐ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

**If Filing the Stipulation Prior to an Initial Case Management Conference**

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

**If Filing Stipulation Following a Case Management Conference**

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [***Local Rule 2.3(i)(3)***].

**Post-ADR Session Evaluations**

***Local Rule 2.3(i)(5)*** requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

**Non-Binding Judicial Arbitration**

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at **(650) 261-5075 or (650) 261-5076**.

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655 (650) 261-5100 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

- ○ Voluntary Mediation
- ○ Neutral Evaluation
- ○ **Non-Binding Judicial Arbitration CCP 1141.12**
- ○ Binding Arbitration (private)
- ○ Settlement Conference (private)
- ○ Summary Jury Trial
- ○ Other: _______

Case Type: ________________________________

Neutral's name and telephone number: ________________________ Date of session: _________
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: ________________________________________

Original Signatures

| | |
|---|---|
| Type or print name of ☐Party without attorney ☐Attorney for ☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for ☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for ☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for ☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:**

Date: ______________________________ Judge of the Superior Court of San Mateo County

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (*Optional*): | |
| E-MAIL ADDRESS (*Optional*): | |
| ATTORNEY FOR (*Name*): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO | |
| STREET ADDRESS: 400 County Center | |
| MAILING ADDRESS: 400 County Center | |
| CITY AND ZIP CODE: Redwood City, CA 94063-1655 | |
| BRANCH NAME: Southern Branch | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| CASE MANAGEMENT STATEMENT (*Check one*): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CASE NUMBER: |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court (*if different from the address above*):

☐ Notice of Intent to Appear by Telephone, by (*name*):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (*answer one*):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. Complaint and cross-complaint (*to be answered by plaintiffs and cross-complainants only*)
   a. The complaint was filed on (*date*):
   b. ☐ The cross-complaint, if any, was filed on (*date*):

3. Service (*to be answered by plaintiffs and cross-complainants only*)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (*specify names and explain why not*):
      (2) ☐ have been served but have not appeared and have not been dismissed (*specify names*):
      (3) ☐ have had a default entered against them (*specify names*):
   c. ☐ The following additional parties may be added (*specify names, nature of involvement in case, and date by which they may be served*):

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint (*Describe, including causes of action*):

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4\. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5\. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6\. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7\. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8\. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9\. **Preference**
☐ This case is entitled to preference *(specify code section):*

10\. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

11. Insurance

a. [ ] Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: [ ] Yes [ ] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

12. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy [ ] Other *(specify):*

Status:

13. Related cases, consolidation, and coordination

a. [ ] There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

14. Bifurcation

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. Other motions

[ ] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. Discovery

a. [ ] The party or parties have completed all discovery.

b. [ ] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| --- | --- | --- |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. Meet and confer

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# EXHIBIT 10

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
**Anthony C. Kastenek, Esq. | SBN: 259341**
**Harris Personal Injury Lawyers, Inc.**
**1025 Farmhouse Lane, 2nd Floor San Luis Obispo, CA 93401**
TELEPHONE NO.: (805) 544-0100 | FAX NO. (805) 544-0101 | E-MAIL ADDRESS: anthony@harrispersonalinjury.com
ATTORNEY FOR : Plaintiff: James Friebel

FOR COURT USE ONLY

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 6/26/2025
By /s/ Haley Correa
Deputy Clerk

**SAN MATEO COUNTY SUPERIOR COURT**
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME:

PLAINTIFF: James Friebel
DEFENDANT: San Francisco Airport Marriott Waterfront, et al.

CASE NUMBER: 24-CIV-07682
Hearing Date:

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: HPI#20997

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Notice of Assignment for all Purposes (Civil) andNotice of Case Management Conference; Amendment to Complaint (Doe 2)**
3. a. Party served *(specify name of party as shown on documents served):*
   **Schindler Elevator Corporation, as Doe 2**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Diana Ruiz, CT Corporation System - Agent for Service of Process**
4. Address where the party was served: **330 N Brand Blvd Glendale, CA 91203**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **6/19/2025** (2) at *(time):* **11:47 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PETITIONER: **James Friebel** | CASE NUMBER: **24-CIV-07682** |
|---|---|
| RESPONDENT: **San Francisco Airport Marriott Waterfront, et al.** | HEARING DATE: |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☑ as the person sued under the fictitious name of *(specify):* **Doe 2**
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **Schindler Elevator Corporation, as Doe 2**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☑ other: **CCP 474**

7. **Person who served papers**
a. Name: **Carlos Canas - eLegal, a Magna Legal Services Company**
b. Address: **444 Higuera St., Ste.100 San Luis Obispo, CA 93401**
c. Telephone number: **(805) 439-1800**
d. **The fee** for service was: **$ 126.00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☑ independent contractor.
(ii) Registration No.: **4571**
(iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/19/2025**

eLegal

**eLegal, a Magna Legal Services Company**
**444 Higuera St., Ste.100**
**San Luis Obispo, CA 93401 | (805) 439-1800**
**License # PI 189852**

**Carlos Canas**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is Frost Brown Todd LLP, 633 W. Fifth Street, Suite 900, Los Angeles, CA 90071.

On July 18, 2025, I served the following document(s) on the interested parties in this action: **NOTICE OF REMOVAL**

☐ by placing the original and/or a true copy enclosed in (a) sealed envelope(s), addressed as follows:

| | |
|---|---|
| Anthony C. Kastenek<br>Philip Alexander<br>HARRIS PERSONAL INJURY LAWYERS, INC.<br>1025 Farmhouse Lane, 2F<br>San Luis Obispo, CA 93401 | Attorneys for Plaintiff: James Friebel<br><br>Phone: (805) 544-0100<br><br>anthony@harrispersonalinjury.com |
| Maria Lampasona<br>RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER<br>475 City Center<br>475 14th Street, Suite 650<br>Oakland, CA 94612 | Attorneys for Defendant: Marriott Hotel Services, LLC<br><br>Phone: (510) 433-2600<br><br>lampasona@rankinlaw.com;<br>mcpherson@rankinlaw.com;<br>vallero@rankinlaw.com |

☒ **BY CM/ECF SYSTEM:** Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

☐ **BY REGULAR MAIL:** I placed such envelope with postage fully paid in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC SERVICE:** I caused the document(s) to be sent to the persons at the electronic notification address listed in the Service List.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 18, 2025, at Los Angeles, California.

Julia Evans

Julia Evans

0000HSO.0809098 4906-3249-7238v1

FROST BROWN TODD LLP
LOS ANGELES